## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JEAN KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-1695 (RMC) |
| | ) | |
| NOVASTAR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### MEMORANDUM OPINION

Plaintiff Jean Kelly filed a complaint in this matter on October 3, 2008, seeking damages, a declaratory judgment and injunctive relief against Defendants NovaStar Mortgage, Inc. ("NovaStar"), First Horizon Home Loan Corporation ("First Horizon"), Saxon Mortgage Services, Inc. ("Saxon"), First American Title Insurance Company ("American Title"), and Curran & O'Sullivan.[1] *See* Dkt. # 1. Defendants NovaStar and Saxon move to dismiss this case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and failure to state a claim pursuant to Rule 12(b)(6). Def.'s Mot. to Dismiss [Dkt. # 2]. They also argue that Plaintiff's claims against NovaStar are barred by *res judicata*. For the reasons set forth below, the Court will grant Defendants' motion on the grounds that venue is improper here.

### I.  BACKGROUND

In October 2006, Plaintiff filed an action in the U.S. District Court for the District

---

[1] The Complaint names "American Title" and "Curran & Fisher" as defendants, and then refers to a "Curran & Sullivan" in its factual allegations. The Court assumes that "America Title" refers to First American Title Insurance Company, who issued the title policy for Plaintiff's mortgage, and that "Curran & Fisher" and "Curran & Sullivan" refer to Curran & O'Sullivan, the law firm that handled the foreclosure of Plaintiff's property. *See* Def.'s Mot. to Dismiss [Dkt. # 2] at 2 n.3.

of Maryland alleging breach of contract, unjust enrichment, conversion, fraudulent concealment, and violations of the Truth in Lending Act, all relating to a promissory note for Plaintiff's property in Maryland. *See Kelly v. Novastar Mortgage, Inc.*, Civ. No. AW-06-2616 (D. Md.) (Cmpl. [Dkt. # 1] filed Oct. 4, 2006). Two defendants in that matter, NovaStar and First Horizon, are also defendants in this action. In December 2006, the Maryland action was dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Two years later, in October 2008, Plaintiff filed this case. This case also revolves around the transfer of Plaintiff's mortgage note among or between various defendants. Compl. [Dkt. # 1] at 1-3. Plaintiff now alleges several violations of federal and state law, including violations of the Securities Exchange Act of 1934 and the Racketeer Influenced and Corrupt Organizations Act, each of which provides a private civil cause of action. *See* 15 U.S.C. § 78i(e); 18 U.S.C. § 1964(c).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(3) provides that a case may be dismissed for improper venue upon motion. *See Hunter v. Johanns*, 517 F. Supp. 2d 340, 343 (D.D.C. 2007); Fed. R. Civ. P. 12(b)(3). "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). However, "[i]n considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276 (D.D.C. 2002). To prevail on a motion to dismiss for improper venue, a defendant must present facts sufficient to defeat a plaintiff's assertion of venue. *Id.*; *2215 Fifth St. Assocs. v. U-Haul Int'l, Inc.*, 148 F. Supp. 2d 50,

54 (D.D.C. 2001) (citing 5A. Fed. Prac. & Proc. 2d § 1352).

## III.  ANALYSIS

Plaintiff has not established that venue is proper here.  In a civil action where jurisdiction is not founded on diversity of citizenship, venue is appropriate in a district where any defendant resides, if all defendants reside in the same state, or where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b).  No Defendant resides in the District of Columbia and the events giving rise to the claim occurred entirely in Maryland.  The property to which the note in question relates is also located in Maryland.  Plaintiff offers absolutely no facts or law in her Complaint, Dkt. # 1, or in her Opposition to Defendant's Motion to Dismiss, Dkt. # 9, that establish that venue is proper in D.C.

"When a plaintiff files an action in the wrong district, 28 U.S.C.  § 1406(a) directs courts 'to dismiss, or if it be in the interest of justice, transfer such case' to the proper venue." *Darby*, 231 F. Supp. 2d at 277 (D.D.C. 2002) (quoting 28 U.S.C.  § 1406(a)).  Nonetheless, the Court declines to transfer this case to the District of Maryland because it is not in the interest of justice to do so.  Plaintiff has failed to effect service upon First Horizon, American Title, and Curran & O'Sullivan despite having filed the Complaint in October 2008, and is therefore well outside the 120-day window for service required under Federal Rule of Civil Procedure 4(m).  Thus, these defendants will be dismissed from the case without prejudice.  *See* Fed. R. Civ. P. 4(m). Furthermore, the acts giving rise to Plaintiff's claims occurred in Maryland, Plaintiff resides in Maryland, Plaintiff's property is located in Maryland, and Defendants do business in Maryland — all of which indicate that venue is proper in the District of Maryland.  However, Plaintiff already

brought similar claims based on these events in the District of Maryland and, having had those claims rejected there, now seeks another forum.  Justice does not require the Court to allow these claims to proceed.  *See, e.g., In re Pickeral*, 267 B.R. 1, 4 (Bankr. D.D.C. 2001) (denying transfer where plaintiff intentionally brought an action in an improper venue in an attempt to stall foreclosure on her property).  Therefore, the remaining defendants also will be dismissed from this case.

Additionally, with respect to Defendant NovaStar, Plaintiff's claims are barred by *res judicata*.  The four elements of *res judicata* this Court traditionally applies are: (1) an identity of parties; (2) a judgment from a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action.  *See, e.g.*, *Am. Forest Res. Council v. Shea*, 172 F. Supp. 2d 24, 29 (D.D.C. 2001); *see also U.S. Indus., Inc. v. Blake Constr. Co.*, 765 F.2d 195, 205 (D.C. Cir. 1985).  The first three elements are easily met here.  First, Plaintiff sued NovaStar in the District Court for the District of Maryland in 2006, alleging common law and federal law claims.  *See Kelly v. Novastar Mortgage, Inc.*, Civ. No. AW-06-2616 (D. Md.) (Cmpl. filed Oct. 4, 2006).  Second, that court dismissed the complaint for failure to state a claim upon which relief could be granted.  *See id.* (Mem. Op. filed Dec. 29, 2009).  Third, "[a] dismissal, pursuant to Rule 12(b)(6), is a resolution on the merits and is ordinarily prejudicial."  *Okusami v. Psychiatric Inst. of Washington, Inc.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992).

As to the fourth element, "courts in this circuit do not require literally identical claims for res judicata to apply; instead, there is an identity of the causes of action when the cases are based on the 'same nucleus of facts[.]'"  *Capitol Hill Group v. Pillsbury Winthrop Shaw Pittman, LLP*, 574 F. Supp. 2d 143, 149 (D.D.C. 2008); *See Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (citations omitted) ("[A final] judgment bars any further claim based on the same 'nucleus of facts,'

for 'it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.'"); *Sieverding v. ABA*, 439 F. Supp. 2d 120, 123 (D.D.C. 2006) (finding plaintiff's claims barred by res judicata where they could have been brought in plaintiff's earlier action and plaintiff had no reason to "file multiple suits based on the same set of events."). The doctrine of *res judicata* embodies the principle "that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Comms. Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005) (quoting the Restatement (Second) of Judgments ch. 1 at 6 (1982)).[2] Plaintiff's claims against NovaStar arise from ostensibly the same factual allegations — that is, the events surrounding Defendants' sale and/or acquisition of Plaintiff's mortgage note — as did her claims in the District of Maryland. *Compare* Complaint [Dkt. # 1] at 1-3 *with Kelly v. Novastar Mortgage, Inc.*, Civ. No. AW-06-2616 (D. Md.) (Mem. Op. filed Dec. 29, 2006). Thus, there is an identity of causes of action here, and Plaintiff's claims against NovaStar are barred by res judicata. NovaStar will be dismissed from this case with prejudice.

## IV. CONCLUSION

Because venue is improper here and it is not in the interest of justice to transfer this case, Defendants First Horizon, Saxon, American Title, and Curran & O'Sullivan will be

---

[2] The D.C. Circuit has "embraced the Restatement (Second) of Judgments' pragmatic, transactional approach to determining what constitutes a cause of action" for *res judicata* purposes. *U.S. Indus., Inc. v. Blake Constr. Co.*, 765 F.2d 195, 205 (D.C. Cir. 1985). "In addressing the cause-of-action question, the Restatement speaks in terms of a transaction or series of transactions and gives 'weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (quoting the Restatement (Second) of Judgments § 23(2) (1982)). The Restatement approach reflects the trend requiring a plaintiff to present in one suit all claims for relief that he may have arising out of the same transaction or occurrence. *Id.*

dismissed from this case without prejudice.  Based on *res judicata*, Defendant NovaStar will be

dismissed from this case with prejudice.  A memorializing Order accompanies this Memorandum

Opinion.


Date: July 27, 2009                                    _____/s/_____
                                                       ROSEMARY M. COLLYER
                                                       United States District Judge